159 N.J. Super. 393 (1978)
388 A.2d 260
DAVID ASSOULIN, PLAINTIFF-RESPONDENT,
v.
ALAN C. SUGARMAN AND ARLENE SUGARMAN, HIS WIFE; AND WENSCOT ASSOCIATES, INC., A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 11, 1978.
Decided May 16, 1978.
*395 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Howard C. Trueger argued the cause for appellants (Messrs. Trueger & Rosenthal, attorneys).
Mr. Robert V. Carton argued the cause for respondent (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).
PER CURIAM.
Plaintiff obtained a judgment in the Chancery Division setting aside the deed to defendant under a sheriff's sale conveying title to defendant to satisfy a default judgment in another action.
The trial judge ruled that failure to provide notice of a sale of realty in accordance with R. 4:65-2 required voiding the sale. He considered, but did not rule on, whether the statute regarding executions on property of a judgment debtor required exhaustion of personalty prior to execution against real property. Defendant appeals.
On the trial date both parties sought judgment on crossmotions on essentially uncontroverted facts which included certain documentary evidence and deposition testimony of the first-named defendant herein, Alan C. Sugarman (hereinafter referred to as defendant), a New Jersey attorney. It is undisputed that the plaintiff had an outstanding bill of $347.90 which was owed to a New York hospital as the balance for 1971 services, and that defendant obtained a default judgment on August 15, 1974 on behalf of his client in a collection suit for that amount against the plaintiff *396 herein. Service in the collection suit had been effected by delivering a copy of summons and complaint to his wife on July 19, 1974.
On August 22, 1974 defendant sent plaintiff a letter advising him that execution proceedings would be instituted if payment of the judgment was not made and that this would "terminate in the sheriff holding a public sale of your home or other assets." Defendant obtained a writ of execution on January 28, 1975, directing that the sheriff satisfy the judgment first out of personal property in the county and then out of realty. The only inquiries made as to personalty owned by plaintiff were a request to a bank (which would give no information without the customer's written consent) and to the Division of Motor Vehicles. Upon determining that the home of the plaintiff in Deal, New Jersey, was in joint name with his wife, and concluding the personal property was likewise, defendant directed the sheriff to levy upon and conduct a sale of a parcel of vacant oceanfront land in Deal, New Jersey, held solely in the name of plaintiff. The recorded deed disclosed it had been purchased in February 1974 for $55,000.
At the sheriff's sale in April 1975 defendant bid in the property for $4,000 and took title in his own name. He transferred it for a stated consideration of $60,000 to defendant Wenscot Associates, Inc. (Wenscot), a corporation formed by him in May 1975 for that purpose.[1] It was conceded that any transfers involving Wenscot did not affect the rights of plaintiff.
Plaintiff had unsuccessfully moved to vacate the default judgment in the action in which he was defendant-judgment *397 debtor. After defendant commenced negotiations to sell the property to another party for $60,000 plaintiff instituted an action in the Chancery Division in August 1975 to set aside the sheriff's sale and to impose a constructive trust in his favor.
The judge ruled that because defendant had not sent plaintiff a ten-day notice of the sheriff's sale, as required by R. 4:65-2, that sale had to be voided. He also expressed the opinion that under the statute (N.J.S.A. 2A:17-1) personalty had to be exhausted before the levy could be made on realty. Plaintiff was ordered to pay the original judgment, plus interest and costs, and to reimburse defendant for taxes paid and execution costs.
We conclude that the decision of the trial judge holding that failure to comply with R. 4:65-2 in this case requires voiding the sale to the judgment-debtor was correct. That rule reads:
If, in any action, real or personal property is authorized or ordered to be sold at public sale, the notice of the sale shall be posted in the office of the sheriff of the county or counties where the property is located, and also, in the case of real property, on the premises to be sold, but need not be posted in any other place. At least 10 days prior to the date set for sale, a notice of sale of real property shall be mailed by registered or certified mail, return receipt requested, by the party who has procured the execution or order for sale to every party who has appeared in the action or served a pleading and to the owner of record of the property as of the date of the commencement of the action whether or not he has appeared in the action. Failure to mail such notice shall not affect the title to the property.
Defendant argues that this rule applies only to court-ordered sales, such as partitions and foreclosures, and not to sales in execution of a judgment, which are governed by statutory notice requirements. We disagree. The rule refers to notice "by the party who has procured the execution or order for sale * * *" (emphasis supplied). Had the rule been intended to apply only to judicial sales, the first alternative language above would have no meaning. While *398 the cases interpreting the rule to date have generally involved judicial sales, none has held that the rule is limited to that context. See Orange Land Co. v. Bender, 96 N.J. Super. 158 (App. Div. 1967); Heinzer v. Summit Fed'l S. & L. Ass'n, 87 N.J. Super. 430 (App. Div. 1965); Lobsenz v. Micucci Holdings, Inc., 123 N.J. Super. 392 (Ch. Div. 1973), rev'd on other grounds, 127 N.J. Super. 50 (App. Div. 1974). Nor do we see any reason to read the rule that narrowly. Certainly the language referring to any action where sale of real estate is "authorized or ordered to be sold" is broad enough to include both situations. Moreover, in Stroinski v. Office of Public Defender, 134 N.J. Super. 21, 35-36 (App. Div. 1975), this court implied that R. 4:65-2 was a source of rights of a judgment debtor. Compare Montville Tp. v. Block 69, Lot 10, etc., 74 N.J. 1 (1977).
We agree with the comment to the subject rule that noncompliance therewith warrants setting the sale aside, "provided the party entitled thereto has no knowledge of the pendency of the sale, seeks relief promptly upon learning thereof, and no intervening equities in favor of innocent parties have been created in the interim." Pressler, Current New Jersey Court Rules, Comment to R. 4:65-2.
Plaintiff here had no actual knowledge of the pendency of the execution sale and no opportunity to either pay the judgment prior to the sale or bid at the sale. Defendant's August 22 letter notified plaintiff that execution would be instituted if the judgment was not paid. It neither referred to any date of sale nor identified the property to be sold. Obviously it could not do so since a writ of execution had not then been issued. Plaintiff promptly moved to set aside the execution sale when he discovered it.
There are no bona fide purchasers or innocent third parties affected here. Defendant conveyed the vacant lot to a corporation essentially formed for his own benefit. We are thus of the opinion that the last sentence of the rule does not support the defendant's contentions. That sentence *399 does indicate failure to mail such a notice does not affect the title to the property. However, as we read the rule this means and refers to the rights of bona fide purchasers for value or innocent third parties. It does not impinge on the authority of a court of equity to void a sale to the judgment creditor or its attorney. To read the rule otherwise would virtually negate the notice requirement. Our interpretation of the rule is supported by our Supreme Court's recent decision requiring the use of notice reasonably calculated under all the circumstances to apprise interested parties in a tax foreclosure proceeding of the pendency of the proceeding as a minimal requirement of due process. See Montville Tp. v. Block 69, Lot 10, supra, 74 N.J. at 10-18.
We disagree with defendant's further contention that R. 4:65-2 constitutes impermissible substantive law-making in the guise of a court rule. It is principally a rule of procedure. That it may have substantive impact does not render it invalid. Busik v. Levine, 63 N.J. 351, 364, app. dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). See also, Winberry v. Salisbury, 5 N.J. 240, cert. den. 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950).
As to the contention the trial judge erred in requiring exhaustion of personalty before execution might issue against real estate, we note that he did not rest his decision on that ground and found it unnecessary to decide the case on that basis. Because we have concluded that his interpretation of the rule was correct it is not necessary to reach that issue in this case, and decline to rule on it now. Paley v. Barton S. & L. Ass'n, 82 N.J. Super. 75, 85 (App. Div. 1964), certif. den. 41 N.J. 602 (1964).
Affirmed.
NOTES
[1] The incorporators were two of the defendant's employees, one of whom was custodial stockholder for defendant's two minor children. The corporate name was a combination of the first names of defendant's two children. Defendant caused the corporation to give back two mortgages in connection with the transfer from him and his wife to the corporation, naming himself as mortgagee.