IN THE MATTER OF ALAN C. SUGARMAN, AN ATTORNEY AT LAW.

Argued September 13, 1983—Decided November 30, 1983.

*Richard J. Engelhardt* argued the cause for complainant Disciplinary Review Board (*Colette A. Coolbaugh,* Counsel, attorney).

*Richard A. Amdur* argued the cause for respondent.

PER CURIAM.

At our direction, the District IX Ethics Committee conducted an investigation of the propriety of defendant's conduct in the purchase of real property at a Sheriff's sale in Monmouth County and in related litigation. After conducting an investiga-

tion and a hearing, the Committee issued a presentment charging respondent with violations of *DR* 7–102(A)(1) (filing a suit that serves to harass or maliciously injure another) and *DR* 7–102(A)(5) (knowingly making a false statement of law or fact). Thereafter, the Disciplinary Review Board (DRB) conducted a hearing *de novo* on the record, after which it found that respondent had filed an affidavit in the Appellate Division that contained a misrepresentation in violation of *DR* 1–102(A)(4) and *DR* 7–102(A)(5) and that his conduct reflected adversely on his fitness to practice law contrary to *DR* 1–102(A)(6). As a result the DRB recommended a public reprimand of respondent.

Following its hearing, DRB found:

*Factual Background*

In February 1974 respondent was retained to represent Flower Fifth Avenue Hospital in the collection of a delinquent account in the amount of $347.90 owed by David Assoulin. Respondent instituted suit in Monmouth County District Court on behalf of the hospital against Assoulin. Service of process was eventually effectuated on Assoulin's wife at their summer residence at 24 Hathaway Avenue, Deal, New Jersey.

Assoulin did not answer or otherwise defend this action and a default judgment was entered against him by affidavit on August 15, 1974 in the sum of $347.90 together with costs of $26.

The judgment was not paid and was therefore docketed by the respondent in the Superior Court in December 1974. Following the docketing, a writ of execution was issued in January 1975 and sent to the Sheriff of Monmouth County with instructions to levy on a vacant oceanfront lot on Beringer Road in Deal, owned by Assoulin. Respondent had previously examined title to this property and determined that it was owned by Assoulin in his own name, whereas the property on Hathaway Avenue was in the joint names of Assoulin and his wife.

The Sheriff held a sale of the Beringer Road property on April 14, 1975 at which respondent appeared on behalf of his client, the hospital. Public notice of the sale was published by respondent in the *Ocean Grove Times,* a small weekly newspaper of limited circulation in the Ocean Grove area. Respondent did not mail notice of the sale directly to Assoulin.

At the sale, the hospital was apparently uninterested in bidding on the property. Respondent thereupon bid on his own behalf, and was the successful bidder at $4,000. A deed was made by the Sheriff to the respondent on April 25, 1975, and duly recorded in the County Clerk's office. Respondent did not obtain title insurance for his title under the Sheriff's deed.

Subsequent to receipt of that deed on June 11, 1975, the respondent made a deed from himself and his wife conveying the Beringer Road property to a corporation, formed for that purpose, known as Wenscot Associates, Inc. The name of the corporation is an acronym for the first names of the respondent's children, Wendy and Scott. The stockholders of the corporation are secretaries in the respondent's office who hold in trust for his children.

By an instrument of that same date, Wenscot Associates, Inc. gave back a purchase money mortgage to respondent for $57,000, the amount recited on the deed. No cash was paid by the corporation.

Based upon the transaction between himself and Wenscot Associates, Inc., respondent obtained two policies of title insurance from U.S. Life Title Insurance Company of New York. The first of these was an Owner's Policy to Wenscot Associates, Inc. for $57,000, the second, a Mortgage Policy to respondent, also in the sum of $57,000.

On August 14, 1975 Assoulin filed an action in the Superior Court, Law Division, to vacate the default judgment on the grounds of improper service. This motion was denied because service had been made upon Mrs. Assoulin. On August 29, 1975 Assoulin commenced a separate action in the Chancery Division of Superior Court, to have the sale of the Beringer Road property set aside. The Court did so on the grounds that respondent failed to provide Assoulin with notice of the sale by certified mail, return receipt requested, as required by R. 4:65–2. Because of the absence of notice the Court voided the sale and ordered that the property be reconveyed to Assoulin, after he had paid the appropriate costs and fees.

Respondent appealed that decision to the Appellate Division, which upheld the lower court on grounds of failure of notice. (*Assoulin v. Sugarman*, 159 *N.J.Super.* 393 (App.Div.1978)). Before the Appellate Division rendered its decision, respondent instituted a suit against the title company, U.S. Life Title Insurance Company, for the face amount of the policy ($57,000), claiming that the insurer had failed to discover Assoulin's wife's dower right in the property which was sold at the Sheriff's sale.

The insurer moved to have the complaint dismissed. On November 23, 1977 Judge McGann of the Superior Court dismissed the complaint without prejudice. Respondent appealed the dismissal. In an affidavit filed with the Appellate Division the respondent stated that he was unaware that Assoulin's wife had any interest in the property purchased at the sale. U.S. Life countered that the defect in title was known to respondent and should have been disclosed by him in the title insurance application. Respondent's knowledge of Assoulin's marital status was further borne out by the statement of facts contained in his Appellate Division brief.

On December 9, 1978, the Appellate Division affirmed the dismissal of the action in *Sugarman v. U.S. Life*. The opinion also directed that the matter be remanded to the trial court for entry of an order dismissing it with prejudice. Judge McGann signed such an order on November 13, 1978.

While the case was pending before the Appellate Division, the respondent brought another action against U.S. Life. The allegations of this complaint

were identical to those which had been made. U.S. Life again moved for dismissal and the motion was granted on October 30, 1978. The respondent did not appeal from this decision.

The District IX Ethics Committee issued a presentment based on a finding that respondent's conduct had the strong appearance of a 'sham pyramid type transaction'. Specifically the Committee questioned respondent's use of a limited circulation newspaper to publish notice of the Sheriff's sale; his personal participation as a purchaser of Assoulin's property; his conveyance of the property to Wenscot Associates, Inc. for a stated amount significantly greater than that actually paid for it; and for his initiation of litigation against the title insurer for its alleged failure to discover the dower right of Assoulin's wife when respondent had himself been aware of it and failed to make the disclosure.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusions of the Committee, in finding unethical conduct, are fully supported by clear and convincing evidence. While the individual actions of respondent may not separately constitute ethical violations, the series of events detailed by the Committee supports a finding of unethical conduct. Respondent failed to provide Assoulin with the required notice of the Sheriff's sale of his property, publishing notice only in a weekly newspaper of limited circulation which was not likely to come to Assoulin's attention. He then became the purchaser of the property involved, paying a price substantially below its fair market value. He obtained title insurance with a set value of $57,000 by conveying the property to a corporation simultaneously formed by him for his minor children, and arranging a 'mortgage' for $57,000, although same was a paper transaction. Thereafter, he failed to fully disclose the underlying details of this transaction to the insurer of title, and led that insurer to believe that the market value of the property was $57,000.

Respondent's claim that he was unaware of the dower interest of Assoulin's wife in the property is in discord both with the fact that service of process was made on Assoulin's wife in the District Court action, where respondent was attorney of record, and with respondent's brief filed with the Appellate Division in the first *Sugarman v. U.S. Life Title Insurance Company* suit. The Board finds that respondent was aware of the dower interest of Assoulin's wife in the subject property, and that his affidavit to the Court contained a misrepresentation. He thereby violated DR 1–102(A)(4). Similarly, such a misrepresentation constitutes conduct which adversely reflects on his fitness to practice law, violating DR 1–102(A)(6) and further violates DR 7–102(A)(5) in that respondent has knowingly made a false statement of fact within documents filed with a court of law.

The Board therefore recommends that the respondent be publicly reprimanded. The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

Throughout the entire transaction, respondent inched closer and closer to the edge of impropriety. His misrepresentation to the Appellate Division dragged him over the brink.

After obtaining a default judgment on a small claim, respondent arranged for an execution sale of a vacant lot owned individually by the judgment debtor. Respondent published public notice of the sale in a weekly newspaper of limited circulation, thereby furnishing limited notice of the sale. He then bought in the property at "substantially below its fair market value," conveyed title to a corporation he created for that purpose, and caused the corporation to issue a mortgage for over fourteen times the price paid for the property at the foreclosure sale. In an action by the property owner, the execution sale was set aside for failure to give adequate notice to the owner, *Assoulin v. Sugarman*, 159 *N.J.Super.* 393 (App. Div.1978).

Respondent then sued the title company for failure to discover the dower interest of the owner's wife in the property. The DRB found, however, that respondent had known all along of the dower interest; in fact, service of process in the original action was effected on the wife. After the trial court dismissed respondent's suit against the title company, respondent appealed to the Appellate Division. In that court he filed an affidavit stating he was unaware that the judgment debtor's wife had any interest in the property, a fact belied by a statement in his Appellate Division brief. When the Appellate Division affirmed the dismissal of respondent's complaint, he petitioned this Court for certification. Review of that petition prompted us to refer the matter to the District IX Ethics Committee.

Our review of the entire record leaves no doubt that the factual findings of the DRB are correct and that a public reprimand is justified and required. Respondent shall reimburse the Administrative Office of the Courts for appropriate administrative costs, including the costs of transcripts.

*For reprimand*—Chief Justice WILENTZ and Justices SCHREIBER, HANDLER, POLLOCK, O'HERN and GARI-BALDI—6.

*Opposed*—None.