**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2436-17T3

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

     Plaintiff-Respondent,

v.

JOHN J. TOMASELLO and
LINDA B. TOMASELLO,
his wife,

     Defendants-Appellants,

and

UNITED STATES OF AMERICA,
AMERICAN EXPRESS TRAVEL
RELATED SERVICES, PRECAST
MANAUFACTURING COMPANY,
SHERMAN CLAY AND CO.,
AMERICAN FIRE AND CASUALTY
COMPANY, and STATE OF NEW
JERSEY,

     Defendants.

_____

Submitted February 13, 2019 – Decided March 8, 2019

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-029506-15.

Weisberg Law, PC, attorneys for appellants (Matthew B. Weisberg, on the brief).

Stern, Lavinthal & Frankenberg, LLC, attorneys for respondent (Mark S. Winter, of counsel and on the brief).

PER CURIAM

Defendants John J. Tomasello and Linda B. Tomasello appeal from a Chancery Division order denying their motion to vacate a March 2017 sheriff's sale of property following entry of a final judgment of foreclosure. We affirm.

Plaintiff Federal National Mortgage Association filed a foreclosure complaint alleging that on July 1, 2010, defendants defaulted on a note and residential mortgage on property owned by defendants in Sicklerville. Defendants did not respond to the complaint and on March 3, 2016, the court entered a final judgment of foreclosure and a writ of execution authorizing the sale of the property.

On May 24, 2016, plaintiff mailed a notice of a June 22, 2016 sheriff's sale of the property. The notice was sent to defendants at their Sicklerville address. Defendants obtained two statutory stays of the sheriff's sale, but on

July 20, 2016, the property was sold at the sale. It was later discovered that moments before the July 20, 2016 sale, defendants filed a bankruptcy petition that was subsequently dismissed.

Four months later, plaintiff moved to vacate the sheriff's sale because it took place during the pendency of defendants' bankruptcy proceeding. On December 16, 2016, the court entered an order granting the motion, vacating the July 20, 2016 sheriff's sale and allowing a second sale without any further advertisement.

On February 8, 2017, plaintiff's counsel sent notice to defendants that the sheriff's sale was scheduled for March 1. The notice was sent to defendants at their address in Sicklerville. Plaintiff subsequently purchased the property at the sheriff's sale.

Defendants later moved to vacate the sheriff's sale, claiming plaintiff failed to mail notice of the sale to their Sicklerville address. Defendants' counsel submitted a certification supporting the motion that in pertinent part asserted plaintiff failed to serve notice of the sheriff's sale "to the subject New Jersey property via certified mail as required." Similarly, in defendant John Tomasello's supporting affidavit, he complained the original complaint was served at defendants' Florida residence "but not at the subject New Jersey

3

property," and that plaintiff had not produced proof of delivery of the notice of the sheriff's sale to defendants' Sicklerville property address. Neither counsel's certification nor John Tomasello's affidavit asserted that the sheriff's sale should be vacated because notice of the sale was not sent to defendants at an address in Key West, Florida. Plaintiff filed opposition to the motion demonstrating that notice of the March 1, 2017 sheriff's sale was properly mailed to defendants at their Sicklerville address.

After hearing argument, the court denied defendants' motion finding defendants' requests for the two statutory stays established they were aware of the sheriff's sale. The court further found defendants filed the bankruptcy petition at the "eleventh hour" and "manage[d] to stay [the sheriff's sale] again." The court also implicitly rejected defendants' claim that notice of the sale was not properly sent to defendants at their Sicklerville address, and entered an order denying defendants' request to vacate the sale. This appeal followed.

We review a court's order denying a motion to vacate a sheriff's sale for an abuse of discretion. U.S. ex. rel. U.S. Dept. of Agric. v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209

N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

On appeal, defendants abandon their claim the sheriff's sale should be vacated because notice of the sale was not properly sent to them at their Sicklerville address. See Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (finding that an issue not briefed on appeal is deemed waived). Instead, defendants rely on a single argument, asserted for the first time on appeal, that the court erred by failing to find the sale should be vacated because plaintiff did not serve them with notice of the sale at their address in Florida.

"Appellate review is not limitless. The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). Defendants' singular contention on appeal was never asserted before the motion court. We reject the argument because it was not "properly presented to" the motion court and does not "go to the jurisdiction of the . . . court or concern matters of great public interest." Id. at 20 (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

5

Moreover, we discern no abuse of discretion in the court's decision denying the motion to vacate the sheriff's sale. As noted, defendants do not dispute that plaintiff properly served them with notice of the sale at their Sicklerville address. Thus, plaintiff provided notice of the sale to "the owner of record of the property as of the date of commencement of the action" in accordance with Rule 4:65-2. That defendants may have also had an address in Florida at the same time does not render the notice invalid. Indeed, in their motion to vacate the sheriff's sale, defendants complained that service of the complaint was invalid because it was sent to their Florida address instead of their Sicklerville address. In other words, defendants argued before the motion court that the sale should be set aside because it was not sent to their New Jersey address.

As we explained in Assoulin v. Sugarman, "noncompliance [with Rule 4:65-2] warrants setting [a] sale aside, 'provided the party entitled thereto has no knowledge of the pendency of the sale, seeks relief promptly upon learning thereof, and no intervening equities in favor of innocent parties have been created in the interim.'" 159 N.J. Super. 393, 398 (App. Div. 1978) (citation omitted). As the motion court aptly found here, defendants were aware of the pendency of the sale, sought two statutory stays and filed a bankruptcy petition

to delay the sale and were served with notice of the adjourned sale at their Sicklerville address. Under such circumstances, we discern no basis to conclude the court abused its discretion by denying defendants' motion to vacate the sheriff's sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2436-17T3