**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3740-21

PNC BANK, NATIONAL
ASSOCIATION,

     Plaintiff-Respondent,

v.

DARREN PIEPER AND TRACY
PEIPER, h/w, each of their heirs,
devisees, and personal representatives
and his, her, their or any of their
successors in right, title and interest,

     Defendants-Appellants,

and

WELLS FARGO BANK, NA,

     Defendant.

_____

Submitted November 5, 2025 – Decided November 24, 2025

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Hunterdon County, Docket No. F-009048-19.

Darren Pieper, self-represented appellant.

KML Law Group, PC, attorneys for respondents (J. Eric Kishbaugh, on the brief).

PER CURIAM

This appeal arises from a residential mortgage foreclosure action. Defendant Darren Pieper challenges two orders of the Chancery Division: (1) a December 10, 2021 order denying his emergency motion to stay the sheriff's sale, and (2) a March 1, 2022 order denying his motion to stay further sheriff's action and rescind the sale. We affirm both orders.

I.

In March 2017, defendant and his now ex-wife, Tracy Pieper, executed a mortgage for $247,392 in favor of plaintiff, PNC Bank, covering their home in Flemington ("property"). Defendant made his last monthly payment in November 2018. In February 2019, plaintiff sent defendant notice of default and intention to foreclose.

In May 2019, plaintiff commenced a mortgage foreclosure action. Service of the complaint was sent to the property and received by defendant's foster son, an adult co-inhabitant of the property.

Defendant claims to have sent plaintiff a change of address notice "in or about October 2019," but the record does not contain such notice. However,

plaintiff did begin sending certain correspondence, including mortgage statements, to the property as well as defendant's new address, the Adult Diagnostic and Treatment Center ("ADTC") in Avenel.[1]

Defendant never answered the complaint. In November 2019, the Chancery Division entered a final judgement by default for $251,081.46 with interest and costs. Plaintiff served notice of sheriff's sale at the property, and the sale was scheduled for January 22, 2020.

Defendant used his two statutory adjournments[2] and the sale was rescheduled for March 2020. However, pursuant to Governor Murphy's executive order instituting a moratorium on evictions and sheriff's sales during the Covid-19 pandemic, the sale was stayed. See Exec. Order No. 106 (March 19, 2020), 52 N.J.R. 553(a) (April 6, 2020). After the moratorium was lifted, the sale was scheduled for November 17, 2021. Notice of sale was sent to the property and ADTC; however, plaintiff addressed correspondence sent to ADTC

---

[1] Plaintiff was sentenced to the ADTC following a September 26, 2019 guilty plea. See generally State of New Jersey v. Darren R. Pieper, No. A-3113-21 (App. Div. March 4, 2024).

[2] N.J.S.A. 2A:17-36 permits two adjournments of a sheriff's sale, each for a maximum of thirty days, for both the lender and the homeowner. Homeowners can request adjournments without showing cause, but must submit a written request and pay a statutory fee.

A-3740-21

to Tracy Pieper, not Darren Pieper. Thereafter, the sale date was adjourned to December 15, 2021.

On December 1, 2021, defendant filed a self-represented emergent motion to stay the sale, arguing lack of notice and an ongoing landlord-tenant dispute. See generally Darren Pieper v. Zachary Colfer, No. A-2978-21 (App. Div. Feb. 14, 2024). The court denied the motion on December 10, 2021, finding defendant failed to satisfy the requirements of Crowe v. DeGioia, 90 N.J. 126 (1982).

Plaintiff used one of its adjournments and the sale was moved to January 12, 2022. Notice was sent to defendant at the property and ADTC. On that date, the property was sold at sheriff's sale to third party purchasers for $304,000.

Defendant then filed a February 3, 2022 emergent motion for replevin which the court denied four days later. The sheriff's office deeded the property to the purchasers, and the deed was duly recorded on February 13. Two weeks later, plaintiff filed a motion to stay further action by the Sheriff and rescind the sheriff sale, which was denied on March 1.

In May 2022, defendant filed a notice of appeal, which we dismissed for failure to prosecute. See PNC Bank, N.A. v. Darren Pieper, et. al., No. A-3740-21 (App. Div. Aug. 16, 2022), certif. denied, 258 N.J. 37 (2024). In November

2024, we vacated the dismissal and reinstated defendant's appeal. See PNC Bank, N.A. v. Darren Pieper, et. al., No. M-0216-24 (App. Div. Nov. 9, 2024).

II.

Preliminarily, we note that defendant only appeals from the December 10, 2021 order denying his emergent motion to stay the sale and a March 1, 2022 order denying his motion to stay further action by the Sheriff and to rescind the sheriff sale. "[I]t is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2025); see also Campagna ex rel. Greco v. American Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider an order not listed in the notice of appeal).

Moreover, in his brief, defendant raises several arguments for our consideration that have not been raised below. "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012) (citing Deerfield Estates, Inc. v. E. Brunswick, 60 N.J. 115, 120 (1972)). Indeed, our jurisdiction is "[bound] by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). We decline

5

to address those issues as there is no record on which to base our review. Consequently, the only decisions subject to challenge are those the court made when it denied defendant's motion to stay the sheriff's sale and when it declined to stay further action by the Sheriff and rescind the sheriff's sale. We address each argument in turn.

A.

We first consider defendant's arguments related to the denial of his motion to stay the sheriff's sale. He contends he had no notice of the sale and was in the process of evicting a hold-over tenant which, if successful, would have permitted him to rent the property, create income, and pay off his debt. We are not persuaded.

We review an order denying a request to stay a sheriff's sale for abuse of discretion. Matter of City of Newark, 469 N.J. Super. 366, 387 (App. Div. 2021) (citing Stoney v. Maple Shade Tp., 426 N.J. Super. 297, 307 (App. Div. 2012)); Waste Mgmt. of N.J., Inc. v. Morris Cnty. Mun. Utils. Auth., 433 N.J. Super. 445, 451 (App. Div. 2013). Ultimately, on appeal, we "consider[] the soundness of the trial court's ruling and the effect of a stay on the parties and the public." Garden State Equality v. Dow, 216 N.J. 314, 320 (2013).

6

A-3740-21

An applicant seeking stay relief must demonstrate the following: denial of the stay would result in irreparable harm; likelihood of prevailing on the merits based on settled law; and a balancing of the equities favors stay relief. See Ibid.; see also Crowe, 90 N.J. at 132-34. "[T]hese factors must be 'clearly and convincingly' demonstrated." Waste Mgmt. of N.J., Inc., 433 N.J. Super. at 452 (citing McKenzie v. Corzine, 396 N.J. Super. 405, 414 (App. Div. 2007)).

On this record, defendant presented no competent evidence, let alone the required clear and convincing evidence, to support his requested stay relief. There was no irreparable harm as defendant would not be evicted on the date of the sheriff's sale, and defendant was confined to ADTC, not residing at the property. Additionally, pursuant to Rule 4:65-6, defendant still had the right to object and redeem the property within ten days of the sale—denying defendant's motion did not foreclose his right of redemption.

Contrary to the trial court's finding, Pieper was entitled to mail service under Rule 4:65-2. Generally, non-compliance with the rule warrants setting aside a sheriff's sale; however, such relief requires that "the party entitled thereto has no knowledge of the pendency of the sale, seeks relief promptly upon learning thereof, and no intervening equities in favor of innocent third parties have been created in the interim." Pressler & Verniero, Current N.J. Court

Rules, cmt. following R. 4:65-2, at 1633 (2026); See also Assoulin v. Sugarman, 159 N.J. Super. 393, 398 (App. Div. 1978). Defendant failed to meet his burden of establishing probability of success on the merits because he had actual notice of the sale.

Defendant's knowledge of the foreclosure and the sale is shown by: (1) proper service being made at the property; (2) defendant requesting and obtaining his two statutory adjournments; (3) defendant's motions made before the trial court seeking to stay the sale; (4) a second notice of sale being sent to the property and ADTC, though improperly addressed; and (5) notice of subsequent adjournments and notices of the sale being sent to ADTC and the property. As plaintiff highlights, defendant is appealing the denial of an emergent motion he filed to postpone the sale; thus, he had knowledge of the sale prior to it being completed. Because defendant had actual knowledge of the sale, he would not have prevailed on the merits.

Finally, the balance of hardships weighs against defendant. The mortgage was over three years in default, plaintiff had been supporting the property, and defendant had made no attempts to sell the property to satisfy his debt. Moreover, defendant's assertion that he could have refinanced or modified the

A-3740-21

mortgage is mere speculation. Considering the property was sold to innocent third party purchasers, the equities favor plaintiff.

B.

We next address defendant's arguments related to his February 28, 2022 motion to stay further action by the Sheriff and to rescind the sheriff's sale. Defendant contends the court erred by dismissing his motion on procedural and substantive grounds. We disagree.

First, based on settled principles of law, we are satisfied defendant's challenge to stay further action by the Sheriff was moot. "An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corrs., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (internal quotation marks and citations omitted). This is rooted in our court's longstanding position against rendering "advisory opinions or function in the abstract." Jackson v. Dep't of Corrs., 335 N.J. Super. 227, 230-31 (App. Div. 2000). "It is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't of Corrs., 261 N.J. Super. 242, 243 (App. Div. 1993). When defendant filed his motion, the deed had already been transferred

and recorded—the sheriff's office was no longer involved.  As such, the court was correct in determining the issue was moot.

Next, defendant filed an improperly captioned motion to rescind the sheriff's sale.  The court dismissed this motion on procedural grounds for not serving the plaintiff or the third parties who had purchased the property. Defendant does not challenge that his service was improper but asserts that it was satisfactory because he was not served on various occasions.  That argument is without merit.

Although defendant does not mention Rule 4:50-1, it is clear he intended to argue to set aside the sale pursuant to that Rule.  Where a party seeks to vacate a final judgment or order, they must meet the standard of Rule 4:50-1:

> On motion, with briefs, and upon such terms as are just, the [judge] may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R[ule] 4:49; (c) fraud . . . , misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason

10

> justifying relief from the operation of the judgment or order.
>
> [Rule 4:50-1.]

Since he asserted a lack of notice, he insinuates that he was surprised.

A trial judge's determination on a motion to vacate a final judgment "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion is a decision "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Because we have already determined that defendant had actual notice of every step in the foreclosure proceedings, we are satisfied with the court's determination that there were no grounds to grant his application to rescind the sheriff's sale. Additionally, defendant's assertion that he may have been able to evict the tenant and have renters in the property to pay off his debt to plaintiff was pure speculation and not the kind of evidence which would justify setting aside the foreclosure.

11

To the extent we have not addressed defendant's remaining arguments we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3740-21